# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF DELAWARE

In re: Caribbean Petroleum Corp., et al.
_____

| | | |
|---|---|---|
| Intertek USA Inc., | : | |
|          Appellant. | : | |
| v. | : | C. A. No. 14-1334-LPS |
| | : | Bankruptcy Case No. 10-12553 (KG) |
| FTI Consulting Inc., | : | BAP No. 14-33 |
|          Appellee. | : | |

## **RECOMMENDATION**

At Wilmington this **1st** day of **December, 2014**.

WHEREAS, pursuant to paragraph 2(a) of the Procedures to Govern Mediation of Appeals from the United States Bankruptcy Court for this District dated September 11, 2012, the court conducted an initial review, which included information from counsel, to determine the appropriateness of mediation in this matter;

WHEREAS, on November 18, 2014 the parties provided a joint report on their respective positions regarding mediation. Because of the parties' divergent views regarding mediation, on November 24, 2014, a teleconference occurred to explore the parties' positions

WHEREAS, as a result of the above screening process, the issues involved in this case are not amenable to mediation and mediation at this stage would not be a productive exercise, a worthwhile use of judicial resources nor warrant the expense of the process. In this particular bankruptcy matter, two prior appeals involving the same parties

occurred. The parties participated in mediation in connection with 12-898-LPS with Ian Connor Bifferato, Esq. They jointly waived mediation in the subsequent appeal that joined 13-446-LPS and 13-717-LPS, however, they participate in mediation at the Third Circuit (C.A. No. 13-4415). Neither mediation was successful in resolving those appeals. Intertek's argument for mediation primarily rests on the mandatory nature of this court's standing order for mediation of bankruptcy appeals, and Judge Gross's order of authorizing initial distribution to holders of allowed general unsecured claims and establishing a reserve for certain claims and expenses as not factually supported. FTI argues that Intertek's claim was disallowed and it was unsuccessful in staying distribution of valid allowable claims. At this stage of the proceedings, FTI, as the liquidation trustee, is not interested in further attempts at mediation.

Although all bankruptcy appeals to this Court are automatically referred to mediation, the Standing Order provides that referral is to a Magistrate Judge "*for initial review and discussion . . . to determine the appropriateness of mediation for the case . . . .*" See ¶ 2 (a) Referral for mediation (emphasis added). That section also authorizes the reviewing Magistrate Judge to determine not only whether mediation is appropriate, but also to recommend to the assigned Judge whether the matter should be referred to a Panel member. ¶ 2(b). It further provides if mediation is determined not appropriate, the assigned Judge will issue an order withdrawing the matter from mediation for the case to proceed through the appellate process. *See* ¶ 2(b)(ii). As evidenced by the Standing Order, mandatory mediation does not mean that all bankruptcy appeals must be mediated before briefing will occur or that mediation will automatically happen.

THEREFORE, IT IS RECOMMENDED that, pursuant to paragraph 2(a)

Procedures to Govern Mediation of Appeals from the United States Bankruptcy Court for this District and 28 U.S.C. § 636(b), this matter be withdrawn from the mandatory referral for mediation and proceed through the appellate process of this Court.  The parties were advised of their right to file objections to this Recommendation pursuant to 28 U.S.C. § 636(b)(1)(B), FED. R. CIV. P. 72(a) and D. DEL. LR 72.1.

       Local counsel are obligated to inform out-of-state counsel of this Order.

                                  /s/ Mary Pat Thynge
                                  UNITED STATES MAGISTRATE JUDGE